ETHINGTON J. MERRITT AND ELIZABETH, HIS WIFE, AP-
    PELLANTS, VS. BARTHOLOMEW BRANTLY ET AL., APPEL-
    LEES.

A will by a testator devising "to his wife, her heirs and assigns, all the property, goods, chattels, rights and credits of which he may be possessed for and during her natural life, except as hereafter provided," and that provision was to pay $2,000 to his nephew and relative, confers the absolute estate and interest in the wife, subject to the proviso.

This case was decided at Marianna.

In May, 1847, John Brantly, the father of the appellees, died in Jackson county, Florida, after having first made his last will and testament, in which, after providing for the payment of his debts, he makes the following provisions, viz:

"I give and bequeath unto my dearly beloved wife, Elizabeth Brantly, her heirs and assigns, all the property,

goods, chattels, rights and credits of which I may be possessed for and during her natural life, except as hereafter provided."

"I give and bequeath to my relative and friend, Dolphin Drew Rawls, the sum of one thousand dollars, to be paid out of my estate after my wife Elizabeth shall have departed this life or again marries."

"I give and bequeath unto my nephew, William R. Brantly, the sum of one thousand dollars, to be paid out of my estate after my wife Elizabeth shall have departed this life or again marries."

James L. G. Baker and Frederick R. Pittman were appointed executors of said will, who, on the 20th October, 1853, were discharged as such executors, after fully administering the estate which had come to their hands and delivering to said Elizabeth, the widow of said John Brantly, deceased, the property bequeathed to her by the said will.

On the 23d day of December, 1852, the said Elizabeth, widow of said John Brantly, deceased, intermarried with the said Ethington J. Merritt, the appellant.

The appellees, who were the complainants below, filed their bill against the appellants, in which they allege that they are the sole heirs at law of the said John Brantly, deceased; that, by the terms of the said will, the property of the said John Brantly, deceased, was to be held and enjoyed by the said Elizabeth Merritt, formerly Brantly, only during her natural life; and complainants contended, that insomuch as there is no limitation over of said property in said will, they are and would be entitled to the same as heirs at law of said John Brantly, deceased, in case they or either of them should survive the said Elizabeth. Complainants charge, that large amounts of money have been received by defendants on promissory notes,

judgments and other evidences of debt which had been of the property and estate of John Brantly, dec'd, and after his death were delivered to the defendants, and that, owing to the convertible nature of money, and its liability at all times to loss by mismanagement, waste, pecuniary misfortune and other causes, said fund may not be forthcoming to answer the demand of complainants, in case they or either of them should survive the said Elizabeth; and they have reason to fear and do apprehend that the principal of said fund and the other property may be lessened, disposed of or so changed as not to be available in case of the decease of the said Elizabeth. The bill concludes with a prayer that the defendants may set forth a particular account of all the goods and effects, moneys and credits and all the estate of John Brantly, deceased, which may have come to their hands, and how the same has been invested, and that a receiver may be appointed to take possession and control of all the money, promissory notes, &c., which may be in the possession of the defendants, and safely invest the same, paying the interest to the defendants during the lifetime of said Elizabeth; and that the defendant, Ethington J. Merritt, may be decreed to enter into bond, with sureties, conditioned that all the property which had belonged to John Brantly, deceased, and which may have come into his hands, possession or control, (except what may be ordered into the hands of a receiver,) shall be forthcoming after the death of said Elizabeth, and that an order be passed forbidding the defendants from removing the property beyond the jurisdiction of the Court.

The defendants demurred to the bill of complaint, which demurrer was overruled, and defendants appealed.

*A. H. Bush* and *C. C. Yonge* for appellants.

*W. E. Anderson* for appellees.

BALTZELL, C. J., delivered the opinion of the Court.

This is a bill in the nature of a *quia timet*, filed by the heirs of John Brantly, asserting an interest in his estate and claiming that it be preserved for their benefit.

Whether they have an interest depends upon the construction to be given to his will, which, excluding the formal parts, for the payment of debts and the appointment of executors, is in these terms:

"I give and bequeath unto my dearly beloved wife, Elizabeth Brantly, *her heirs* and *assigns, all* the property, goods, chattels, rights and credits of which I may be possessed *for and during her natural life*, except as hereafter provided."

"I give and bequeath to my relative and friend, Dolphin Drew Rawls, the sum of one thousand dollars, to be paid out of my estate *after my wife Elizabeth shall have departed this life or again marries.*"

There is another bequest, giving the same sum to his nephew William R. Brantly, in the precise language of the preceding one.

If Brantly gave his wife a life estate only in the property, leaving the fee or absolute interest undisposed of, in which event his heirs at law would take, then they may maintain their suit, and the decision of the Court below in their favor was right.

If this be the fair import of the will, it must be in the clauses quoted, which are not very obscure, and may, perhaps, be better understood by rejecting expletives and general expressions, so as to throw the three clauses into one thus: I give to my wife, *her heirs* and *assigns*, all the

property of which I may be possessed *for and during her natural life*, EXCEPT that I give to my relative Rawls and my nephew Brantly the sum of $1,000 each, to be paid after my wife shall have *departed this life or again marries*.

There can be but little doubt, we think, that the testator designed to dispose of his entire estate, so as to leave no residuum; that he gave it all to his wife and his two relatives; that the bequest to his wife was of the absolute interest in the personalty—of the fee in the realty, subject to the payment of these two sums. He " gives all his property" " to his wife, her heirs and assigns," except $2,000.

The only objection to this construction arises from the words " during her life" in the bequest to the wife, about which there can be but little difficulty, as their force and effect in such connection has been long since declared, by high judicial authority, in the case of Doe ex Dem., Cotten vs. Stenlake, where the devise was to one and her heirs during their lives, in which the Court said, " the words during *their lives*, after the devise to the *daughter and her heirs*, are merely the expressions of a man ignorant of describing how the parties whom he meant to benefit would enjoy the property; for, whatever estate of inheritance the heirs of his daughter might take, they could in fact only enjoy the benefit of it for their lives." 12 East, 515. This ruling has never been questioned and has our entire approval.

If these words have no force in such a case, what is due to them in one like the present, when attached to and connected with expressions of more decided import, giving a different meaning to them and restricting and qualifying their usual sense and acceptation? " For and during natural life " are attached to the bequests for the payment to the nephew and relative and qualified by them. It is

seen that the payment of the $2,000 is made to depend upon the marriage of the wife or her death, and she has since intermarried with defendant Merritt, so that the contingency has happened upon which these legatees are entitled to their portion. If such a result follows this act, would not the other follow by the construction contended for, to wit: the vesting the property absolutely in the heirs, for the marriage and death of the wife are the two events on which a change is to take place in her interest, and these are inseperable in their connection, yet no such position is assumed by the bill or in argument before us. It is not, then, that the property is to go to his heirs on her death or marriage, but a payment of $2,000 to be made on the occurrence of each event.

But, aside from all authority and precedent and from this view, where is the pretence for saying that by this will these complainants are entitled to all the property of this estate in absolute right, except an uncertain life interest of the wife and the payment of $2,000 to two. other relatives? There is none, not the slightest. If such a result were attained, it would be, not through the will and in compliance with its clear and manifest design, but in direct opposition to it. To produce such result, the testator should have said, (directly the reverse of what he has said,) I do not give to my wife all my property, nor to her heirs and assigns, but I give to my brothers and sisters all my property, to their heirs and assigns, subject to a life estate for my wife. This is what he would have said, if he designed making a will such as they claim he has made, to give them the property. So far from saying this, he declares expressly that others are, and they are not, to participate in his estate—not to be the recipients of his bounty. Should they succeed in obtaining it, then, as we think, it will be not through any will of his, but through

a mistake of his scrivener in the use of words contravening his expressed wishes. But we really have not been able to perceive, in the use of these words, contrariety or opposition or conflict. There is but a mere expression of a wish that the wife shall have the property for her life and enjoy it during that time. They are in harmony with the larger estate interest. The estate in fee includes the life estate and all minor interests, a term for years in reversion or remainder, and it is inconceivable how the mere mention of any of these in connection with the fee should reduce the larger estate to the dimensions of the smaller. If a different estate or interest in some one else had been created—something to divest the interest already clearly vested in the wife—there might have been ground for contest; but there is nothing of the kind in this will.

We then think the Court below erred in decreeing the defendants to answer and overruling their demurrer.

The decree of the Circuit Court will be reversed and set aside, and the cause remanded, with directions to dismiss the complainants' bill.